Xiao Qian Mu, CA SBN 356597
Law Offices of Sarah Xiao Qian Mu
181 Devine Street
San Jose, CA 95110
Phone: (408) 459-5858 | Fax: (408) 228-3734
Email: xmu@mupllclaw.com

Attorney for Plaintiff QIUZHU YE

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| QIUZHU YE,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　　　　Defendants. | CASE NO.:<br><br>ASSIGNED TO DISTRICT JUDGE:<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND VACATUR OF AGENCY ACTION**<br><br>Administrative Procedure Act Case |

1

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND
VACATUR OF AGENCY ACTION

Plaintiff QIUZHU YE ("Plaintiff") alleges against Defendants MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. CUSTOMS AND BORDER PROTECTION ("Defendants") as follows:

## I. INTRODUCTION

Plaintiff Qiuzhu Ye brings this action for declaratory and injunctive relief against Defendants Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security; Rodney S. Scott, in his official capacity as Commissioner of U.S. Customs and Border Protection; the U.S. Department of Homeland Security ("DHS"); U.S. Immigration and Customs Enforcement ("ICE"); and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants").

Plaintiff challenges a civil monetary penalty of $1,820,352.00 imposed by DHS under Section 274D(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Section 1324d(a), for alleged willful failure to depart the United States following a final order of removal entered on June 11, 2018. The penalty was imposed through a Notice of Violation and Order (DHS Form 281) issued on May 12, 2026, and affirmed by an Appeal Decision and Order (DHS Form 281-A) constituting final agency action under 8 C.F.R. Section 281.1(f)(1).

The penalty is unlawful and should be vacated for the following reasons:

a) It is time-barred under the five-year statute of limitations set forth in 28 U.S.C. Section 2462;

b) It was imposed without a reasoned explanation, supported by the record, showing that Plaintiff willfully failed or refused to depart, as required by INA § 274D(a)(1), 8 U.S.C. § 1324d(a)(1) and 8 C.F.R. § 281.1(c)(1);

c) It is grossly excessive in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution;

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND
VACATUR OF AGENCY ACTION

d)  It violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (B), (D), (E), and (F), because it is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; contrary to constitutional rights; issued without observance of procedure required by law; unsupported by substantial evidence; and unwarranted by the facts; and

e)  It was imposed through a constitutionally deficient process in violation of the Due Process Clause of the Fifth Amendment.

Plaintiff seeks a declaration that the penalty is unlawful, unconstitutional, and void; an order vacating the Notice of Violation, the Appeal Decision, and the associated CBP invoice; and a permanent injunction prohibiting Defendants from enforcing or collecting the penalty.

## II. PARTIES

1.  Plaintiff Qiuzhu Ye is an individual residing at 3088 Massachusetts Street, Castro Valley, California 94546, within the Northern District of California. Plaintiff is the subject of the civil monetary penalty at issue in this action.

2.  Defendant Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security. He is sued in his official capacity only. Secretary Mullin is responsible for the administration and enforcement of the immigration laws of the United States, including the imposition of civil monetary penalties under Section 274D(a) of the Immigration and Nationality Act, 8 U.S.C. Section 1324d(a).

3.  Defendant Rodney S. Scott is the Commissioner of U.S. Customs and Border Protection. He is sued in his official capacity only. Commissioner Scott is responsible for the operations of CBP, including the issuance of the civil penalty invoice to Plaintiff.

4.  Defendant U.S. Department of Homeland Security ("DHS") is a department of the executive branch of the United States Government responsible for administering and enforcing the immigration and nationality laws of the United States, including the assessment and collection of civil penalties under INA Section 274D.

5.  Defendant U.S. Immigration and Customs Enforcement ("ICE") is a component agency of DHS responsible for enforcing federal immigration laws, including the issuance of Notices of

3

Violation and Orders imposing civil monetary penalties under INA Section 274D and 8 C.F.R. Part 281.

6. Defendant U.S. Customs and Border Protection ("CBP") is a component agency of DHS. CBP issued the civil penalty invoice (Penalty Tracking Number C260094794) to Plaintiff demanding payment of the $1,820,352.00 penalty at issue in this action.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiff's claims arise under the United States Constitution (the Fifth and Eighth Amendments), the Administrative Procedure Act (5 U.S.C. §§ 701-706), the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), and the Immigration and Nationality Act. The INA independently confers jurisdiction on the district courts of the United States under 8 U.S.C. § 1329.

8. This Court has authority to review final agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701-706. The Appeal Decision and Order (DHS Form 281-A) affirming the civil penalty constitutes final agency action for which there is no other adequate remedy in a court, as provided by 8 C.F.R. § 281.1(f)(1) and (f)(3). A true and correct copy of the Appeal Decision and Order (DHS Form 281-A) is attached hereto as Exhibit A and incorporated by reference.

9. This Court has authority to issue declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and to grant injunctive relief to prevent the unlawful enforcement and collection of the civil penalty.

10. Venue is proper in the United States District Court for the Northern District of California under 28 U.S.C. § 1391€(1) because: (a) Plaintiff resides at 3088 Massachusetts Street, Castro Valley, California 94546, which is within this judicial district; and (b) a substantial part of the events or omissions giving rise to the claims occurred in this district, including the service of the Notice of Violation and Order on Plaintiff and the demand for payment of the civil penalty.

### IV. DIVISIONAL ASSIGNMENT

11. Pursuant to Civil Local Rules 3-2(c) and 3-5(a) of the United States District Court for the Northern District of California, this action is assigned to the Oakland Division of this Court.

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND VACATUR OF AGENCY ACTION

Plaintiff Qiuzhu Ye resides at 3088 Massachusetts Street, Castro Valley, California 94546, which is located in Alameda County. Alameda County falls within the Oakland Division of the Northern District of California.

### V. FACTUAL ALLEGATIONS

12. Plaintiff does not speak or read English. She came to the United States in or about 2008 from China, faced significant language and cultural barriers throughout her legal proceedings for her Asylum application in the US.

13. Plaintiff retained an attorney to apply for her Asylum application. The only time she met her attorney was when she signed the retainer agreement. After that, she communicated only with the attorney's assistant.

14. The attorney's assistant asked Plaintiff to prepare a written statement on her own and advised her to only include the fact that she was then pregnant and not to include details of persecution taking place in China. She met with the assistant a few times before her individual hearing. Plaintiff did not fully understand what the hearing was about.

15. On June 11, 2018, a different attorney appeared for the individual hearing on Plaintiff's behalf whom she had never met. She could not speak to or understand this attorney. She was confused and disoriented. She did not know that she had lost her case on that day.

16. After the hearing, the assistant called Plaintiff and informed her the asylum case had been denied. The assistant advised her to appeal, and she agreed. Plaintiff was never advised of the consequences of the removal order or there was a fine associated with it. Plaintiff now believes her former attorney provided ineffective assistance of counsel by not providing adequate representation and advising her not to reveal the persecution she suffered in China.

17. Plaintiff's appeal reached the Ninth Circuit Court of Appeals twice.

18. Plaintiff did not willfully remain in the United States in defiance of any order. She was pursuing her legal rights through the appeals process. She cannot recall whether she ever received the removal order, and she could not read the documents even if she received them because they were in English.

19. Prior to the May 2026 Notice of Violation, DHS had never sent Plaintiff any notice or

5

warning about fines or consequences associated with her removal order.

20. On or about May 12, 2026, an Immigration Services Officer II issued a Notice of Violation and Order (DHS Form 281) under INA Section 274D, 8 U.S.C. Section 1324d, imposing a civil monetary penalty of $1,820,352.00. The Notice was served on Plaintiff on or about May 27, 2026.

21. On or about June 1, 2026, Plaintiff timely filed a Notice of Appeal through her attorney, raising all defenses set forth herein. It was received on or about June 4, 2026.

22. On or about June 9, 2026, Plaintiff received an invoice from CBP by first-class mail (Penalty Tracking Number C260094794) demanding payment of $1,820,352.00 before any appeal decision was received, which means this invoice had been sent out on or about June 4, 2026, the same day when Plaintiff's notice of appeal was received.

23. On June 10, 2026, CBP could not provide a copy of the denial notice when inquired, and informed Plaintiff to wait for it by mail.

24. The Appeal Decision and Order (DHS Form 281-A) arrived on or about June 18, 2026, post marked June 10, 2026, dated June 9, 2026, affirming the penalty in full. The penalty purports to be calculated over approximately 2,893 days at a daily rate, yielding $1,820,352.00. DHS provided no explanation of the calculation or factors considered. The Notice and Appeal Decision contained no individualized findings regarding willfulness beyond a checked box on a standardized form and did not address any of the legal arguments raised by Plaintiff in the Notice of Appeal.

25. Plaintiff is a stay-at-home mother with no employment or independent income. Her partner earns approximately $3,000.00 per month. She is the primary caretaker for her partner's 76-year-old mother, a United States citizen with severe asthma, semi-blindness, and inability to walk, and for her minor child. The penalty represents more than 50 years of her household's total gross income.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Plaintiff has exhausted all available administrative remedies. On or about June 1, 2026, Plaintiff timely filed a Notice of Appeal with the Department of Homeland Security within the 15-business-day period prescribed by 8 C.F.R. § 281.1(e), challenging the Notice of Violation and Order (DHS Form 281) issued on May 12, 2026, and raising all defenses set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND VACATUR OF AGENCY ACTION

27. The supervisory immigration officer reviewed Plaintiff's appeal pursuant to 8 C.F.R. § 281.1(e)(2) and issued an Appeal Decision and Order (DHS Form 281-A) affirming the Notice of Violation and the civil penalty in the full amount of $1,820,352.00.

28. Under 8 C.F.R. § 281.1(f)(1), the supervisory immigration officer's decision on appeal constitutes "final agency action" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 704.

29. Under 8 C.F.R. § 281.1(f)(3), no further administrative appeal is available to Plaintiff. There is no provision for review by an administrative law judge, the Board of Immigration Appeals, or any other administrative body.

30. Because Plaintiff has pursued and completed the sole administrative appeal process provided by regulation, and because the agency has rendered a final decision from which no further administrative review may be obtained, this action is ripe for judicial review.

## VII. GROUNDS FOR RELIEF

31. The civil penalty of $1,820,352.00 imposed on Plaintiff is unlawful and unenforceable on the following independent grounds:

### A.  The Penalty Is Time-Barred Under 28 U.S.C. Section 2462.

32. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

33. Under 28 U.S.C. Section 2462, an action for the enforcement of any civil fine or penalty shall not be entertained unless commenced within five years from the date when the claim first accrued.

34. The INA contains no specific statute of limitations for penalties under Section 274D; the default five-year period therefore applies. See *Gabelli v. SEC*, 568 U.S. 442 (2013); *Kokesh v. S.E.C.*, 581 U.S. 455 (2017); *DLS Precision Fab LLC v. U.S. Immigration & Customs Enforcement*, 867 F.3d 1079 (9th Cir. 2017).

35. DHS's claim accrued no later than June 11, 2018. The Notice of Violation was not issued until May 12, 2026, approximately seven years and eleven months later. The penalty is time-barred in its entirety. Even if the Court were to apply a daily accrual theory, all penalties accruing before May 12, 2021 are independently barred.

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND VACATUR OF AGENCY ACTION

**B.  The Penalty Was Imposed Without a Finding of Willfulness Supported by the Record.**

36. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

42. INA § 274D(a)(1), 8 U.S.C. § 1324d(a)(1), authorizes a civil penalty only against a person who "willfully" fails or refuses to depart from the United States pursuant to a final order of removal, make timely application in good faith for travel or other documents necessary for departure, or present for removal at the time and place required by the Secretary of Homeland Security. The statute requires willfulness as an essential element of the violation; absent a showing of willful conduct, no penalty may be imposed.

37. Under 8 C.F.R. § 281.1(c)(1), the Notice of Violation must "set forth the basis for the determination that a violation has occurred." This regulatory requirement obligates DHS to articulate a factual basis, supported by the record, for each element of the violation, including willfulness.

38. Under 5 U.S.C. § 706(2)(E), a reviewing court shall set aside agency action that is "unsupported by substantial evidence." An agency must "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). A bare conclusion, unsupported by any evidence or analysis in the administrative record, does not satisfy this standard.

39. DHS made no individualized finding of willfulness. The sole basis for the willfulness determination was a checked box on a standardized form (DHS Form 281) stating that Plaintiff "willfully failed or refused to depart from the United States pursuant to the order." No factual basis was articulated. No evidence was cited. No analysis was conducted. The Appeal Decision (DHS Form 281-A) affirmed the penalty without addressing willfulness or any of the arguments Plaintiff raised on appeal.

40. The administrative record contains no evidence that Plaintiff's failure to depart was willful. To the contrary, as set forth in the Factual Allegations above, Plaintiff did not speak English, was never informed of any obligation to depart, did not know a removal order had been entered on the

8

day it was issued, was pursuing appellate rights for years, and was never warned of any financial consequences.

41. Plaintiff's continued presence in the United States was not the product of willful defiance of any order. It resulted from a lack of notice, language barriers, fear of persecution, ineffective assistance of counsel, and the active pursuit of legal remedies. DHS's failure to make a finding of willfulness supported by the record, as required by INA § 274D(a)(1), 8 C.F.R. § 281.1(c)(1), and 5 U.S.C. § 706(2)(E), renders the penalty unlawful.

### C.  The Penalty Violates the Excessive Fines Clause of the Eighth Amendment

42. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

43. The Eighth Amendment prohibits excessive fines. A fine is unconstitutional when grossly disproportional to the gravity of the offense. *United States v. Bajakajian*, 524 U.S. 321 (1998); *Austin v. United States*, 509 U.S. 602 (1993); *Timbs v. Indiana*, 586 U.S. 149 (2019); *U.S. Securities & Exchange Commission v. Murphy*, 50 F.4th 832 (9th Cir. 2022).

44. The penalty of $1,820,352.00 exceeds 50 years of Plaintiff's household income for a civil immigration violation. DHS made no individualized proportionality assessment.

### D.  The Penalty Violates the Administrative Procedure Act

45. Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

46. Under the Administrative Procedure Act, a reviewing court shall hold unlawful and set aside agency action that is: (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (D) without observance of procedure required by law; (E) unsupported by substantial evidence; or (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. 5 U.S.C. § 706(2)(A), (B), (D), (E), (F). 41. The penalty is arbitrary, capricious, and an abuse of discretion under § 706(2)(A). DHS failed to consider relevant factors, including Plaintiff's individual circumstances, language barriers, lack of notice, ability to pay, ties to the community, pursuit of appellate remedies, and role as caretaker for an elderly United States citizen and a minor child. DHS failed to provide any reasoned explanation for the penalty amount. The Notice of Violation and Appeal Decision consisted of checked boxes on standardized forms with no

9

individualized analysis. The Appeal Decision did not address any of the substantive legal arguments raised in Plaintiff's appeal. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

47. The penalty is contrary to constitutional right under § 706(2)(B). As set forth in Sections C and E of these Grounds for Relief, the penalty violates the Eighth Amendment's Excessive Fines Clause and the Fifth Amendment's Due Process Clause.

48. The penalty was issued without observance of procedure required by law under § 706(2)(D). DHS failed to make the willfulness finding required by INA § 274D(a)(1), 8 U.S.C. § 1324d(a)(1), and failed to set forth the basis for its determination as required by 8 C.F.R. § 281.1(c)(1). The administrative appeal process failed to provide meaningful review.

49. The penalty is unsupported by substantial evidence under § 706(2)(E). The administrative record contains no evidence that Plaintiff's failure to depart was willful, and no evidence supporting the penalty amount. The sole basis for both the violation finding and the penalty was a checked box on a standardized form.

50. The penalty is unwarranted by the facts under § 706(2)(F). As set forth in the Factual Allegations above, Plaintiff's continued presence in the United States resulted from a lack of notice, language barriers, fear of persecution, ineffective assistance of counsel, and the active pursuit of legal remedies. These facts do not support a finding of willful failure to depart or the imposition of a $1,820,352.00 penalty.

**E.  The Penalty Was Imposed Without Due Process.**

51. Plaintiff realleges and incorporates by reference from Paragraph 1 through Paragraph 30.

52. The Fifth Amendment requires adequate notice and a meaningful opportunity to be heard before a neutral decisionmaker. *Mathews v. Eldridge*, 424 U.S. 319 (1976). The process here was constitutionally deficient: the Notice of Violation was a checked-box form; Plaintiff had only 15 business days to respond; the appeal was decided within one to two days by a DHS supervisor, not an independent adjudicator; the Appeal Decision addressed none of Plaintiff's arguments; and no evidentiary hearing was provided.

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND VACATUR OF AGENCY ACTION

**FIRST CAUSE OF ACTION: DECLARATORY RELIEF (28 U.S.C. SECTIONS 2201-2202)**

(Against All Defendants)

53. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

54. An actual, justiciable controversy exists between Plaintiff and Defendants regarding the lawfulness, constitutionality, and enforceability of the $1,820,352.00 civil penalty. DHS has imposed the penalty, affirmed it on administrative appeal, issued an invoice demanding payment, and threatened enforcement actions including DOJ litigation, administrative offset, wage garnishment, private collection referrals, and credit bureau reporting. The controversy is of sufficient immediacy and reality to warrant judicial resolution.

55. A declaratory judgment will

    a) settle all aspects of the controversy between the parties;

    b) serve a useful purpose in clarifying Plaintiff's legal rights and obligations with respect to the penalty;

    c) involve purely federal questions of statutory and constitutional law with no state law entanglement; and

    d) not duplicate any pending proceeding in any other court.

56. No parallel action is pending. Federal court is the only available forum for judicial review of this final agency action. Plaintiff is entitled to a judicial declaration that:

    a) The civil penalty of $1,820,352.00 is unlawful, unconstitutional, and void;

    b) The penalty is time-barred, in whole or in substantial part, under 28 U.S.C. Section 2462;

    c) The penalty violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution;

    d) The penalty was imposed in an arbitrary and capricious manner in violation of the Administrative Procedure Act, 5 U.S.C. Section 706(2)(A);

    e) The penalty was imposed not in accordance with law, including INA Section 274D(a)(1), 8 U.S.C. Section 1324d(a)(1); and

    f) The penalty was imposed in violation of the Due Process Clause of the Fifth

11

Amendment to the United States Constitution.

**SECOND CAUSE OF ACTION: VACATUR AND PERMANENT INJUNCTIVE RELIEF**

**(5 U.S.C. SECTION 706; U.S. CONSTITUTION)**

(Against All Defendants)

57. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

58. Pursuant to 5 U.S.C. § 706(2), the Court shall hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, not in accordance with law, or contrary to constitutional right.

59. As set forth in the Grounds for Relief above, the Notice of Violation and Order (DHS Form 281), the Appeal Decision and Order (DHS Form 281-A), and the CBP Invoice (Penalty Tracking Number C260094794) are unlawful and must be vacated.

60. Plaintiff has suffered and will continue to suffer irreparable injury absent injunctive relief.

61. The CBP invoice threatens imminent enforcement, including DOJ collection litigation, administrative offset of federal and state payments, referral to private collection agencies, credit bureau reporting, and adverse consideration in future immigration proceedings. Interest at 4% annually, administrative costs of 15%, and a late payment penalty of 6% annually are accruing on the $1,820,352.00 balance.

62. Remedies available at law are inadequate to compensate Plaintiff for her injury. The Administrative Procedure Act does not permit the recovery of money damages against the United States. 5 U.S.C. § 702. If the penalty is collected or enforced, Plaintiff has no legal remedy to recover the amounts taken. Damage to credit, loss of income through administrative offset, and collateral consequences in immigration proceedings cannot be remedied through monetary compensation.

63. The balance of hardships favors Plaintiff. Plaintiff is a stay-at-home mother with no independent income, a household income of approximately $3,000.00 per month, and is the primary caretaker for a 76-year-old United States citizen with severe medical conditions and a minor child. Enforcement of the penalty would cause immediate and catastrophic financial ruin. Defendants will suffer no cognizable harm from an injunction against collection of a penalty that is unlawful. If the

penalty is ultimately upheld, Defendants may collect at that time.

64. A permanent injunction would serve the public interest. The public has a strong interest in ensuring that the government complies with the Constitution, including the Eighth Amendment and the Fifth Amendment. The public interest is served by enforcement of statutes of limitations. Where the government is a party, it is presumed that the public interest favors preventing the violation of constitutional rights. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

65. Plaintiff is entitled to vacatur of the Notice of Violation and Order, the Appeal Decision and Order, and the CBP Invoice, and to a permanent injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them, from enforcing, collecting, or taking any action to collect the civil penalty of $1,820,352.00 against Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Qiuzhu Ye respectfully requests that this Court enter judgment in her favor and grant the following relief:

1. Declare that the civil penalty of $1,820,352.00 imposed on Plaintiff is unlawful, unconstitutional, and void;

2. Declare that the civil penalty is time-barred, in whole or in substantial part, under 28 U.S.C. § 2462;

3. Declare that the civil penalty violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution;

4. Declare that the civil penalty was imposed in violation of the Administrative Procedure Act, 5 U.S.C. § 706;

5. Declare that the civil penalty was imposed in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution;

6. Vacate and set aside the Notice of Violation and Order (DHS Form 281), the Appeal Decision and Order (DHS Form 281-A), and the CBP Invoice (Penalty Tracking Number C260094794);

7. Permanently enjoin Defendants Markwayne Mullin, Rodney S. Scott, U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, and U.S. Customs and

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND VACATUR OF AGENCY ACTION

Border Protection, their officers, agents, employees, and all persons acting in concert with them, from enforcing, collecting, or taking any action to collect the civil penalty of $1,820,352.00 against Plaintiff;

8. Permanently enjoin Defendants from referring the penalty to the Department of Justice for collection, from referring the penalty to private collection agencies, from reporting the penalty to national credit bureaus, and from using the penalty as a basis for adverse consideration in any immigration proceeding involving Plaintiff;

9. Award Plaintiff her reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

10. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
LAW OFFICES OF SARAH XIAO QIAN MU

DATED: 06/25/2026          By: *Xiao Qian Mu*

Xiao Qian Mu, Esq.,
Attorney for Plaintiff Qiuzhu Ye

COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND VACATUR OF AGENCY ACTION

## VERIFICATION

I, Qiuzhu Ye, am the Plaintiff in the above-captioned action. I have read the foregoing Complaint for Declaratory and Injunctive Relief and know the contents thereof. The factual allegations set forth in the Complaint are true and correct to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I do not read or speak English. This Complaint was read to me in Mandarin Chinese by a qualified interpreter, and I understood its contents before signing.

Executed on: _06 / 22 / 2026_

_Qiuzhu Ye_
Qiuzhu Ye, Plaintiff

15
COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND
VACATUR OF AGENCY ACTION

# EXHIBIT A

DEPARTMENT OF HOMELAND SECURITY

# APPEAL DECISION AND ORDER UNDER THE IMMIGRATION AND NATIONALITY ACT

File Number: **099910317**

Penalty Tracking Number: **C260094794**

In the Matter of: **QIUZHU  YE**
Name

**3088 Massachusetts St, Castro Valley, CA, 94546**
Address (Street Number and Name, City, State, and Zip Code)

On **2026-05-13**, a Notice of Violation and Order was served upon you stating the U.S. Department of Homeland Security's determinations and the civil penalty amount to be imposed upon you for violating certain provisions of the Immigration and Nationality Act.

On the Notice of Violation and Order, you were advised of your right to appeal the civil penalty within 15 business days from the date of service of the immigration officer's decision by submitting a notice of appeal, including any written response and/or documentary evidence you would like considered in connection with your appeal.

In response to the Notice of Violation and Order, you:

[■] Filed an appeal—

    [ ] Admitting the violation.

    [■] Denying the violation.

    [ ] However, the appeal was not timely filed within the requisite 15 business days from the date of service and, therefore, was not reviewed on the merits.

[■] Provided evidence in connection with your appeal including—

    [ ] Documentary evidence.

    [■] Written response.

Pursuant to 8 C.F.R. § 281.1(e)(2), after a review of the record, including your appeal and evidence in connection, the following findings are entered:

[ ] The Notice of Violation is **REVERSED**. Therefore, the Order imposing a civil penalty upon you is **CANCELLED**.

[■] The Notice of Violation is **AFFIRMED** for the following reasons:

    [■] You are not a citizen or national of the United States.

Under the following sections of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code:

[ ] **Section 240B**

    [ ] On _____ , you were permitted to depart voluntarily under Section 240B of Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1229c.

    [ ] You failed to voluntarily depart the United States within the time period specified.

DHS Form 281-A (8/25)

Page 1 of 3

QIUZHU YE _____ 099910317 _____ C260094794 _____

Name | File Number | Penalty Tracking Number

Based on the foregoing, you are subject to a civil monetary penalty under Section 240B(d)(1) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1229c(d)(1).

**And as deemed appropriate, the Order imposing civil penalty upon you is:**

☐ **AFFIRMED**

    ☐ To be in the amount of: $ _____ , pursuant to Section 240B(d)(1)(A) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1229c(d)(1)(A); and Title 8 of the Code of Federal Regulations, Part 281.

☑ **Section 274D**

    ☑ On **2018-06-11** , an order of removal, for which you are subject, was made final.

    ☑ You—

        ☑ willfully failed or refused to depart from the United States pursuant to the order.

        ☐ willfully failed or refused to make timely application in good faith for travel or other documents necessary for departure.

        ☐ willfully failed or refused to present for removal at the time and place required by the Attorney General [or Secretary of Homeland Security].

Based on the foregoing, you are subject to a civil monetary penalty under Section 274D(a) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1324d(a).

**And as deemed appropriate, the Order imposing civil penalty upon you is:**

☑ **AFFIRMED**

    ☑ To be in the amount of: $ **1,820,352.00** , pursuant to Section 274D(a) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1324d(a); and Title 8 of the Code of Federal Regulations, Part 281.

    ☐ **Penalty Reduced.** To be in the amount of: $ _____ , pursuant to Section 274D(a) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1324d(a); and Title 8 of the Code of Federal Regulations, Part 281.

☐ **Section 275**

    ☐ On _____ , you were apprehended while entering (or attempting to enter) the United States at a time or place other than as designated by immigration officers.

Based on the foregoing, you are subject to a civil monetary penalty under Section 275(b) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1325(b).

**And as deemed appropriate, the Order imposing civil penalty upon you is:**

☐ **AFFIRMED**

    ☐ To be in the amount of: $ _____ , pursuant to Section 275(b)(1) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1325(b)(1); and Title 8 of the Code of Federal Regulations, Part 281.

    ☐ To be in the amount of: $ _____ , twice the amount specified in Section 275(b)(1) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1325(b)(1), because you have been previously subject to a civil penalty under this subsection, pursuant to Section 275(b)(2) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1325(b)(2); and Title 8 of the Code of Federal Regulations, Part 281.

    ☐ **Penalty Reduced.** To be in the amount of: $ _____ , pursuant to Section 275(b)(1) of the Immigration and Nationality Act, as amended and codified at Title 8, United States Code, Section 1325(b)(1); and Title 8 of the Code of Federal Regulations, Part 281.

| QIUZHU  YE | 099910317 | C260094794 |
|---|---|---|
| Name | File Number | Penalty Tracking Number |

■ DHS will issue an invoice and instructions for payment of the imposed civil penalty.

■ The appeal is **DISMISSED**.

| OISAYCBB.ICE<br>6/9/2026 | | Immigration Service Officer II | 2026-06-09 |
|---|---|---|---|
| Signature of Supervisory Immigration Officer | | Title of Supervisory Immigration Officer | Date |

## NOTICE OF FINAL DECISION AND ORDER

I.   **No further appeal.** There is no further appeal from this appeal decision and order. You may not file a motion to reopen or reconsider this appeal decision and order. The supervisory immigration officer's decision issued under Title 8 of the Code of Federal Regulations, Part 281(e)(2) constitutes final agency action unless the Secretary of Homeland Security, or the Secretary's designee, certifies the decision for review under (e)(4).

### Certificate of Service

| OISAYCBB | 2026-06-09 |
|---|---|
| Served by (print name) | Date served |

| Immigration Service Officer II | OISAYCBB.ICE<br>6/9/2026 |
|---|---|
| Name and title of employee or officer | Signature of employee or officer |

| | |
|---|---|
| Place of service | |

| | |
|---|---|
| Person served (print name) | Signature of person served |
| | ☐ Refused to sign |

Method of Service

☐ Personal Delivery     ☐ Delivery to Attorney     ☐ Ordinary Mail

☐ Personal Delivery - Residence     ■ Certified or Registered Mail

DHS Form 281-A (8/25)



**Immigration and Customs Enforcement**

500 12TH STREET, SW
WASHINGTON, DC 20536-
Mailstop 5202-11078

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

9589 0710 5270 2352 1654 10

quadient
FIRST-CLASS MAIL
IMI
**$010.44**
06/10/2026 ZIP 20743
043M31110220

US OFFICIAL MAIL
$300 Penalty
For Private Use

US POSTAGE

Xiao Qian Mu
181 Devine St.
San Jose, CA 95110

9511032403 C013

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by *(Printed Name)*  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Xiao Qian Mu<br>181 Devine St.<br>San Jose, CA 95110 | D. Is delivery address different from item 1? ☐ Yes<br> If YES, enter delivery address below: ☐ No |

9590 9402 9498 5069 9715 91

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

9589 0710 5270 2352 1654 10

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt